Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska  99503
Telephone:  (907) 274-7522
Facsimile:  (907) 263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Defendants,
Strand Hunt Construction, Inc. and
St. Paul Fire and Marine Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of KALEN & ASSOCIATES, INC., d/b/a CHENA SURVEYS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>STRAND HUNT CONSTRUCTION, INC. and ST. PAUL FIRE AND MARINE INSURANCE COMPANY<br><br>Defendants. | <br><br><br><br><br><br><br><br><br><br>4:06-cv-00021-JWS |

**MOTION TO AMEND ANSWER AND COUNTERCLAIM
TO AMENDED COMPLAINT**

Motion to Amend Answer  and Counterclaim to Amended Complaint
*Kalen & Associates v. Strand Hunt, et al.*
Case No.: 4:06-cv-00021-JWS
(1187-3023/254433)

I.   **INTRODUCTION**

Stand Hunt Construction Company, Inc ("Strand Hunt") and St. Paul Fire and Marine Insurance Company (St. Paul") have additional facts that would support claims against the plaintiff relative to its conduct during the Joint Security Forces Complex Project ("JSFC Project"). Pursuant to Federal Rules of Civil Procedure 15 and 16 and the proposed Amended Answer and Counterclaim attached hereto as Exhibit A, Strand Hunt and St. Paul respectfully request leave to file their Amended Answer and Counterclaim to Amended Complaint.

II.   **FACTUAL OVERVIEW**

Strand Hunt was the general contractor for the United States Government ("Government") on the JSFC Project. St. Paul was the payment bond surety on the JSFC Project. As alleged in the Amended Answer and Counterclaim, Plaintiff entered into a subcontract with Strand Hunt to provide surveying services on the JSFC Project. As further alleged in the Amended Answer and Counterclaim, plaintiff negligently and materially breached its contract for the JSFC Project and otherwise performed its surveying services in an unworkmanlike manner that caused approximately $65,000 in additional damages. Specifically, in regard to this amendment, Plaintiff, among other things, improperly set the hubs for the site grading and improperly took a point to point grade without taking into account the swales between the survey points. Because of this,

Motion to Amend Answer and Counterclaim to Amended Complaint
*Kalen & Associates v. Strand Hunt, et al.*
Case No.: 4:06-cv-00021-JWS
(1187-3023/254433)

Page 2 of 6

Stand Hunt had to hire Exclusive Paving to correct these grade mistakes, and thus incurred additional expenses.

### III.  ARGUMENT

On December 11, 2006, the district court issued its scheduling order pursuant to Federal Rules of Civil Procedure 16.  Once issued, the Rule 16 scheduling order controls the subsequent course of the action.[1]  The order established the timetable that gives a party the ability to amend their pleadings.  The Rule 16 scheduling order provided that:

> "[M]otions to add other parties and/or amend the pleadings subsequent to the date of this order must be served and filed within **sixty (60) days** from the date of this order.  Thereafter, parties may be added and/or pleadings amended only upon leave of court and for good cause shown."

This motion to amend complies with the timing requirement articulated in the court's Rule 16 scheduling order.  Furthermore, this motion is proper under Federal Rules of Civil Procedure 15.  Under Federal Rules of Civil Procedure 15(a):

> "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action had not been placed on the trial calendar, the party may so amend it at any time within 20 days after it is served. **Otherwise a party may amend the**

---

[1] *See, e.g., Johnson v. Mamomoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992)

Motion to Amend Answer  and Counterclaim to Amended Complaint
*Kalen & Associates v. Strand Hunt, et al.*
Case No.: 4:06-cv-00021-JWS
(1187-3023/254433)

> **party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires**…"(emphasis added.)

In this matter, Stand Hunt and St. Paul have the consent of the adverse party for filing the Amended Answer and Counterclaim. In a November 13, 2006, letter from Frank Pfiffner, Stand Hunt and St. Paul's attorney, to Joseph W. Sheehan, Plaintiff's attorney, Mr. Pfiffner, commenting on the party's proposed scheduling and planning conference reports, states: "I have proposed that amended pleadings can be filed with the court within the next 30 days without further order of the court. The reason for that proposal is that Strand Hunt and St. Paul intend to file an amended answer and counterclaim." *See* Exhibit B.

With knowledge of Strand Hunt and St. Paul's intentions, Plaintiff's counsel approved the scheduling and planning conference report that included under Section 5. **Pretrial Motions**, the following changes to D.Ak. LR 16.1(c): "Motion to amend pleadings or add parties to be filed not later than March 16, 2007. However, the parties may file amended pleadings within the next 30 days without further order of the court." *See* Exhibit C. Thus, Stand Hunt and St. Paul have the consent of the adverse party and should be allowed to amend its pleadings. However in the December 11, 2006, scheduling order, the court required that pleading amendments occur by motions. Hence Strand Hunt and St. Paul are filing the instant motion.

Motion to Amend Answer and Counterclaim to Amended Complaint
*Kalen & Associates v. Strand Hunt, et al.*
Case No.: 4:06-cv-00021-JWS
(1187-3023/254433)

Furthermore, Federal Rule of Civil Procedure provides that leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Federal policy strongly favors determination of cases on their merits, and thus the policy favoring amendments is to be applied with "extreme liberality," at least, as here, prior to a "good cause" amendment deadline is a Fed. R. Civ. P.16 pretrial order."[2]

## IV. CONCLUSION

Strand Hunt and St. Paul's Amended Answer and Counterclaim to Amended Complaint does have the consent of the adverse party pursuant to Fed. R. Civ. P. 15(a) and it is filed timely. Accordingly, Stand Hunt and St. Paul respectfully requests that the Court grant their motion and permit them to file the Amended Answer and Counterclaim to Amended Complaint as attached hereto as Exhibit A.

---

[2] *Emincence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1051 (9th Cir. 2003)(quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F. 3d 708, 712(9th Cir. 2001)(quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir 1990)); see *Foman v. Davis* , 371 U.S 178, 181-82, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

Motion to Amend Answer and Counterclaim to Amended Complaint
*Kalen & Associates v. Strand Hunt, et al.*
Case No.: 4:06-cv-00021-JWS
(1187-3023/254433)

DATED at Anchorage, Alaska, this 21st day of December, 2006.

>HUGHES BAUMAN PFIFFNER
>GORSKI & SEEDORF, LLC
>Attorneys for Defendants Strand Hunt Construction, Inc. and St. Paul Fire and Marine Insurance Company

>By: s/Frank A. Pfiffner
>Frank A. Pfiffner
>3900 C Street, Suite 1001
>Anchorage, Alaska  99503
>Telephone:  (907) 274-7522
>Facsimile:  (907) 263-8320
>FAP@hbplaw.net
>ABA No. 7505032

Certificate of Service

I hereby certify that on December 21, 2006, a copy of the Answer to Amended Complaint and Counterclaim was served electronically on:

Joseph W. Sheehan
P.O. Box 70906
Fairbanks, AK  99707

s/Frank A. Pfiffner

Motion to Amend Answer  and Counterclaim to Amended Complaint
*Kalen & Associates v. Strand Hunt, et al.*
Case No.: 4:06-cv-00021-JWS
(1187-3023/254433)