Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska  99503
Telephone:  (907) 274-7522
Facsimile:  (907) 263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Defendants,
Strand Hunt Construction, Inc. and
St. Paul Fire and Marine Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of KALEN & ASSOCIATES, INC., d/b/a CHENA SURVEYS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>STRAND HUNT CONSTRUCTION, INC. and ST. PAUL FIRE AND MARINE INSURANCE COMPANY<br><br>Defendants. | 4:06-cv-00021-JWS |

**AMENDED ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM**

   Defendant, Strand Hunt Construction, Inc. ("Strand Hunt") and St. Paul Fire and

Marine Insurance Company ("St. Paul"), by and through their counsel of record, Hughes

Amended Answer to Amended Complaint and Counterclaim
*Kalen & Associates v. Strand Hunt, et al.*
Case No.: 4:06-cv-00021-JWS
(1187-3023/253214)

Bauman Pfiffner Gorski & Seedorf, LLC, answer Plaintiff's' Amended Complaint against them by admitting, denying and alleging as follows:

1. Strand Hunt and St. Paul are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph one of the Amended Complaint and accordingly deny all and the whole thereof.

2. Strand Hunt and St. Paul admit the allegations contained in paragraphs two through five of the Amended Complaint.

3. Strand Hunt and St. Paul are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph six of the Amended Complaint and accordingly deny all and the whole thereof.

4. Strand Hunt and St. Paul incorporate herein by reference their answers to the allegations contained in paragraphs one through six of the Amended Complaint by way of answer to the allegations contained in paragraph seven of the Amended Complaint.

5. With regard to paragraph eight of the Amended Complaint, Strand Hunt and St. Paul admit that Plaintiff provided labor and services to Strand Hunt on the Joint Security Forces Complex Project and that Strand Hunt has not paid Plaintiff for invoices submitted by Plaintiff to Strand Hunt on the Joint Security Force project but allege that no money is due and owing to Plaintiff.

Amended Answer to Amended Complaint and Counterclaim
*Kalen & Associates v. Strand Hunt, et al.*
Case No.: 4:06-cv-00021-JWS
(1187-3023/253214)

Page 2 of 7

6.  Strand Hunt and St. Paul deny the allegations set forth in paragraphs nine and ten of the Amended Complaint.

7.  Strand Hunt and St. Paul incorporate herein by reference their answers to the allegations contained in paragraphs one through ten of the Amended Complaint by way of answer to the allegations contained in paragraph 11 of the Amended Complaint.

8.  Strand Hunt and St. Paul deny the allegations contained in paragraph 12 of the Amended Complaint.

9.  Strand Hunt and St. Paul deny any allegations of the Amended Complaint not previously responded to herein.

## AFFIRMATIVE DEFENSES

1.  The Amended Complaint fails to state a claim on which relief can be granted.

2.  Plaintiff is estopped from asserting the claim set forth herein as a result of its improper conduct and unclean hands.

3.  Strand Hunt and St. Paul are entitled to set off from the amounts claimed herein the damages due to Strand Hunt as a result of Plaintiff's material breach of its contract with Strand Hunt for surveying services provided on the Joint Security Forces Complex Project and the Eielson CHPP Baghouse Project as more fully set forth in the Amended Counterclaim which is incorporated herein by reference.

Amended Answer to Amended Complaint and Counterclaim
*Kalen & Associates v. Strand Hunt, et al.*
Case No.: 4:06-cv-00021-JWS
(1187-3023/253214)
Page 3 of 7

      4.      Any potential liability of St. Paul is limited by and to the terms of the payment bond.

      5.      Strand Hunt and St. Paul reserve the right to assert such other and affirmative defenses that might become known through discovery.

## AMENDED COUNTERCLAIM

      1.      Strand Hunt is, and was at all times relevant hereto, a corporation incorporated in the State of Washington with its principal place of business in the State of Washington.

      2.      Plaintiff is a corporation incorporated in the State of Alaska with its principal place of business in the State of Alaska.

      3.      The matter in controversy in this Amended Counterclaim exceeds the sum or value of $75,000 exclusive of interests and costs.

      4.      The court has jurisdiction of this Amended Counterclaim pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1367(a).

      5.      Strand Hunt is, and was at all times relevant hereto, a general contractor properly licensed and bonded in the State of Alaska.

      6.      Strand Hunt has paid all taxes and fees and is fully qualified to maintain this Amended Counterclaim.

      7.      Strand Hunt was the general contractor for the United States Government ("Government") on the Eielson CHPP Baghouse Project, Eielson AFB,

Amended Answer to Amended Complaint and Counterclaim  
*Kalen & Associates v. Strand Hunt, et al.*  
Case No.: 4:06-cv-00021-JWS  
(1187-3023/253214)  
Page 4 of 7

Contract No. DACA85-03-0007 ("the Baghouse Project") and the Joint Security Forces Complex Project, Eielsen AFB, Contract No. W911KP-04-C-0008 ("the Joint Security Forces Complex Project"). St. Paul was the payment bond surety on the Baghouse Project and the Joint Security Forces Complex Project.

8. Plaintiff entered into a subcontract with Strand Hunt to provide surveying services to Strand Hunt on the Baghouse Project and the Joint Security Forces Complex Project.

9. Plaintiff did in fact provide surveying services to Strand Hunt on the Baghouse Project and the Joint Security Forces Complex Project.

10. Plaintiff negligently and materially breached its contract with Strand Hunt for the Baghouse Project and the Joint Security Forces Complex Project and otherwise performed its surveying services in an unworkmanlike manner. Specifically, on the Baghouse Project, Plaintiff surveyed and improperly located the west filtration building one foot south of the design location and the east filtration building seven inches north of the design location. On the Joint Security Forces Complex Project, Plaintiff, among other things, improperly set the hubs for the site grading and improperly took a point to point grade without taking into account the swales between the survey points.

11. Strand Hunt was proximately damaged by Plaintiff's material breach of contract and improper conduct in an amount exceeding $239,870 for refabrication

Amended Answer to Amended Complaint and Counterclaim
*Kalen & Associates v. Strand Hunt, et al.*
Case No.: 4:06-cv-00021-JWS
(1187-3023/253214)

Page 5 of 7

costs, redesign charges, damage to existing work, and other miscellaneous charges on the Baghouse Project.

12. Strand Hunt was proximately damaged by Plaintiff's material breach of contract and improper conduct in an amount exceeding $64,089 for costs incurred by Design Alaska, Exclusive Paving and Strand Hunt to correct the errors by Plaintiff on the Joint Security Forces Complex Project. The damages from the improper conduct of Plaintiff on the Joint Security Forces Complex Project included costs resulting from eight days of delay to the Project.

13. Strand Hunt provided written notice to Plaintiff of the potential Baghouse Project claim on March 12, 2004, and provided Plaintiff with a detailed breakdown of the damage claim for the Baghouse Project on April 12, 2006.

14. Strand Hunt has also provided notice to Plaintiff of the Joint Security Forces Complex Project claim.

15. Plaintiff is liable for the damages itemized in the April 12, 2006, claim plus the damages on the Joint Security Forces Complex Project plus interest, costs, and reasonable attorneys' fees.

16. Plaintiff has failed and refused to pay the Strand Hunt claims.

WHEREFORE Strand Hunt prays for judgment against Plaintiff on the Amended Counterclaim in an amount not less than $239,870 for the Baghouse Project claim and an amount not less than $64,089 for the Joint Security Forces Complex Project

Amended Answer to Amended Complaint and Counterclaim
*Kalen & Associates v. Strand Hunt, et al.*
Case No.: 4:06-cv-00021-JWS
(1187-3023/253214)
Page 6 of 7

claim less any amount that would otherwise be due and owing on the Joint Security Forces Complex Project plus interest, costs, and attorneys' fees and such other and further relief as the court may deem just and proper.

DATED at Anchorage, Alaska, this 9th day of February, 2007.

> HUGHES BAUMAN PFIFFNER
> GORSKI & SEEDORF, LLC
> Attorneys for Defendants Strand Hunt
> Construction, Inc. and St. Paul Fire and
> Marine Insurance Company
>
> By:  s/Frank A. Pfiffner
> Frank A. Pfiffner
> 3900 C Street, Suite 1001
> Anchorage, Alaska  99503
> Telephone:  (907) 274-7522
> Facsimile:  (907) 263-8320
> FAP@hbplaw.net
> ABA No. 7505032

Certificate of Service

I hereby certify that on February 9, 2007, a copy of the Amended Answer to Amended Complaint and Counterclaim was served electronically on:

Joseph W. Sheehan
P.O. Box 70906
Fairbanks, AK  99707

Nelson G. Page
Burr, Pease & Kurtz
810 N Street, Suite 300
Anchorage, AK  99501

s/Frank A. Pfiffner

Amended Answer to Amended Complaint and Counterclaim
*Kalen & Associates v. Strand Hunt, et al.*
Case No.: 4:06-cv-00021-JWS
(1187-3023/253214)