Law Office of
Joseph W. Sheehan
PO Box 70906
Fairbanks Alaska, 99707
Counsel for Plaintiff
(907)456-6090
(907)451-6070 (facsimile)
sheehanlaw@mosquitonet.com

## UNITED STATES COURT FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KALEN & ASSOCIATES, INC., d/b/a CHENA SURVEYS, INC.<br><br>        Plaintiff<br><br>   vs.<br><br>STRAND HUNT CONSTRUCTION, CO. and, ST. PAUL FIRE AND MARINE INSURANCE COMPANY<br><br>        Defendants | )<br>)<br>)<br>)<br>)<br>)CIVIL ACTION NO.<u>4:06-cv-21</u><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>

### I. Introduction & Factual Background

PLAINTIFF Kalen & Associates, Inc., d/b/a Chena Surveys, Inc. (KAI), is a corporation duly licensed by the State of Alaska. Attached as Exhibit A, is a Certificate of Good Standing, certifying that KAI has paid all taxes due and filed all reports

required by the State of Alaska.[1]

Strand Hunt Construction Co. (SHC) is the general contractor for the Joint Security Force Complex project (JSFC project) contract: USACE Alaska Dist. — CEPOA-CO-NA-Contract #W911KP-04-C-0008. A copy of the contract is attached as Exh. B.

St. Paul Fire and Marine Insurance Company (St. Paul) bonded SHC's performance and payment obligations on the JSFC project pursuant to 40 USC § 3131. See, Exh. C.

On or about February, 2004, KAI entered into a verbal subcontract with SHC, to provide survey services in conjunction with the construction of the JSFC project. The agreed upon price

---

[1]
Per AS 10.06.848(a) has standing to file this suit.

Failure to pay tax or make report as precluding suit by corporation.
(a) A domestic or foreign corporation may not commence a suit, action, or proceeding in a court in this state without alleging and proving at the time it commences the suit, action, or proceeding that it has paid its biennial corporation tax last due and has filed its biennial report for the last reporting period. A certificate of the payment of the biennial corporation tax and filing of the biennial report is prima facie evidence of the payment of the tax and the filing of the biennial report. The commissioner shall issue the certificate or a duplicate for a fee established by the department by regulation.

See, Id.

was a lump sum amount, with exclusions, plus hourly rates for any extras.  The outstanding unpaid balance owed by SHC to KAI for survey services on the JSFC project is FIFTY EIGHT THOUSAND EIGHT HUNDRED TWO DOLLARS AND FIFTY CENTS ($58,802.50), plus interest. See, Exh. D.[2]

KAI completed its survey work in July 2005.  See Exh. D.  The work was accepted by the Corp of Engineers.  SHC was paid by the government for this work.  See, Exh. E.  Despite repeated demands, SHC refuses to pay KAI for survey work performed on the JSFC project.  Because of SHC's refusal to pay, KAI filed this suit for breach of contract and also asserted a right of recovery against St. Paul Fire and Marine Insurance Company (St. Paul), the surety on the payment bond provided for the JSFC project. KAI's complaint was filed within one year from the last day on which KAI provided labor on the JSFC project.  See, App. D.  The basis for SHC's refusal to pay is an offset claim, which is two-fold: SHC claims that KAI's survey work on the JSFC project was performed

---

[2]

The complaint in this litigation claimed damages of FIFTY TWO THOUSAND EIGHT HUNDRED SEVENTY SEVEN DOLLARS ($52,877).    In reviewing the billings in conjunction with preparing Patrick Kalen's affidavit to support this motion for summary judgment, Mr. Kalen has determined that the correct amount owed by SHC to KAI is FIFTY EIGHT THOUSAND EIGHT HUNDRED TWO DOLLARS AND FIFTY CENTS ($58,802.50).

negligently, which increased SHC's project costs; and, SHC claims
that KAI's survey work on the Eielson CHPP Baghouse Project,
Contract No. DACA85-03-0007 (Baghouse) project was also performed
negligently, increasing the Baghouse project costs.[3]

## II. The Law

### A. Jurisdiction

This court has jurisdiction over this matter pursuant to the
provisions of 28 USC §§ 1331; 1352; and, 40 USC §§ 3131 (b)(2);
and, 3133(b)(1), (3) and (4).

**Federal Question**

> The district courts shall have original jurisdiction
> of all civil actions arising under the Constitution,
> laws, or treaties of the United States.

*See,* 28 USC § 1331.

> The district ourts shall have original jurisdiction,
> concurrent with State courts, of any action on a bond
> executed under any law of the United States, except
> matters within he jurisdiction of the Court of
> International Trade under section 1582 of this title.

*See,* 28 USC § 1352.

> **(b) Type of bonds required.** — Before any contract of

---

[3]

SHC's offset claim concerning the JSFC project was first noticed
and set forth in SHC's Amended Answer to Amended Complaint and
Counterclaim, dated December 21, 2006.  Compare Exh. F, SHC's
Answers to Exh. G, SHC's Amended Answer. (Affirmative Defense,
para. 3 and Counterclaim paras. 10 and 12.)

more than $100,000 is awarded for the construction, alteration, or repair of any public building or public work of the Federal Government, a person must furnish to the Government the following bonds, which become binding when the contract is awarded:

\* \* \*

>   **(2) Payment bond.** — A payment bond with a surety satisfactory to the officer for the protection of all persons supplying labor and material in carrying out the work provided for in the contract for the use of each person. The amount of the payment bond shall equal the total amount payable by the terms of the contract unless the officer awarding the contract determines, in a writing supported by specific findings, that a payment bond in that amount is impractical, in which case the contracting officer shall set the amount of the payment bond. The amount of the payment bond shall not be less than the amount of the performance bond.

*See,* 40 USC § 3131(b)(2).

**Right to bring a civil action.**
>   **(1) In general.** — Every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131 of this title and that has not been paid in full within 90 days after the day on which the person did or performed the last of the labor or furnished or supplied the material for which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due.

\* \* \*

>   **(3) Venue.** — A civil action brought under this subsection must be brought —
>   (A) in the name of the United States for the use of the person bringing the action; and

      (B) in the United States District Court
for any district in which the contract was to
be performed and executed regardless of the
amount in controversy.

      **(4) Period in which action must be brought.** — An
action brought under this subsection must be brought no
later than one year after the day on which the last of
the labor was performed or material was supplied by the
person bringing the action.

*See,* 40 USC § 3133(b)(1), (3) and (4).

**B. Summary Judgment**

Summary judgment is appropriate, if there is no genuine issue
of material fact and the moving party is entitled to judgment as a
matter of law.

Rule 56. Summary Judgment

(a) For Claimant.

      A party seeking to recover upon a claim . . . may,
at any time after the expiration of 20 days from the
commencement of the action or after service of a motion
for summary judgment by the adverse party, move with or
without supporting affidavits for a summary judgment in
the party's favor upon all or any part thereof.

(c) Motion and Proceedings Thereon.

      The motion shall be served at least 10 days before
the time fixed for the hearing. The adverse party prior
to the day of hearing may serve opposing affidavits. The
judgment sought shall be rendered forthwith if the
pleadings, depositions, answers to interrogatories, and
admissions on file, together with the affidavits, if any,
show that there is no genuine issue as to any material
fact and that the moving party is entitled to a judgment
as a matter of law. A summary judgment, interlocutory in

character, may be rendered on the issue of liability
alone although there is a genuine issue as to the amount
of damages.

*See,* Federal Rules of Civil Procedure, 56(a) and (c).

The form of affidavits and the required response is also
addressed by Civil Rule 56.

(e)  Form of Affidavits; Further Testimony; Defense
Required.

Supporting and opposing affidavits shall be made on
personal knowledge, shall set forth such facts as would
be admissible in evidence, and shall show affirmatively
that the affiant is competent to testify to the matters
stated therein. Sworn or certified copies of all papers
or parts thereof referred to in an affidavit shall be
attached thereto or served therewith. The court may
permit affidavits to be supplemented or opposed by
depositions, answers to interrogatories, or further
affidavits. When a motion for summary judgment is made
and supported as provided in this rule, an adverse party
may not rest upon the mere allegations or denials of the
adverse party's pleading, but the adverse party's
response, by affidavits or as otherwise provided in this
rule, must set forth specific facts showing that there is
a genuine issue for trial. If the adverse party does not
so respond, summary judgment, if appropriate, shall be
entered against the adverse party.

*See,* Federal Rules of Civil Procedure, 56(e).

If the response to a claim is an affirmative defense or offset
claim, the party asserting the affirmative defense or right of
setoff has the burden of proof to establish the affirmative defense
or right to set off.  Mere allegations are insufficient.

> In our view, the plain language of Rule 56(c) mandates
> the entry of summary judgment, after adequate time for
> discovery and upon motion against a party who fails to
> make a showing sufficient to establish the existence of
> an element essential to that party's case, and upon which
> that party will bear the burden of proof at trial.  In
> such a situation, there can be "no genuine issue as to
> any material fact," since a complete failure of proof
> concerning an essential element of a non-moving party's
> case necessarily renders all other facts immaterial.  The
> moving party is "entitled to a judgment as a matter of
> law" because the non-moving party has failed to make a
> sufficient showing on an essential element of her case
> with respect to which she has the burden of proof.

*See, Celotex Corp. v. Catrett,* 4 77 US 317, 322-323, 106 S.Ct 2548,
2552, and 91 L.Ed. 2d 265 (1986).

### C. Miller Act, 40 USC § 3133

40 USC § 3133 provides a mechanism for the payment of
subcontractors who have provided labor and material, when the
contractor fails or refuses to pay.  See, 40 USC § 3133(b)(1), (3)
and (4).  Cited and quoted *supra* at p.5.  This statute is remedial
in nature and therefore is interpreted to protect the interests of
subcontractors, like KAI.

> The Miller Act, 40 USC § 270A(a)(2), requires a
> general contractor on a federal project to post a bond to
> protect those who supply labor or materials for the
> project.  The act allows a subcontractor's materials
> supplier to bring suit on the bond for any unpaid amounts
> owed for labor or materials, even if no contractual
> relationship exists between the general contractor and
> the supplier, 40 USC 270B(a).  The purpose of the Act is
> to protect persons supplying materials and labor for
> federal projects, and it is to be construed liberally in

their favor to effectuate this purpose.  F.D. Rich Co.
Inc. v. United States Ex Rel. Industrial Lumber Co. Inc.
417 US 116, 124, 40 L.Ed. 2d 703, 94 S.Ct. 2157 (1974).

*See*, *United States for the Use and Benefit of Martin Steel
Constructors, Inc. v. Avanti Constructors, Inc.* 750, 760-761 F.2d
759(9th Cir. 1984) certiorari denied, 106 S.Ct. 60, 474 U.S. 817,
88 L.Ed. 2d 49.

### D. Contracts

The legal effect or construction of a contract is a
question of law that properly may be determined on a
summary-judgment motion when the partys' intentions are
not in issue.  (Footnotes omitted.)

*See,* WRIGHT, MILLER & KANE FEDERAL PRACTICE AND PROCEDURE: Civil 3d § 2730.1

The Alaska rule, which is similar to the Federal rule, is that

if there is no conflicting extrinsic evidence, resolution of a

contract dispute becomes a question of law.

Where there is no conflicting extrinsic evidence as to
the parties' intent, . . . "questions of interpretation
of the meaning of written documents are treated as
questions of law for the court."   (Footnotes omitted.)

*See, Sprucewood Inv. Corp. v. AHFC,* 33 P.3d 1156, 1161 (Alaska
2001).

The same rule applies to oral contracts.

Oral contracts are often, by their very nature,
dependent upon an understanding of the surrounding
circumstances, the intent of the parties, and the
credibility of the witnesses.  If a dispute exist with
respect to the terms of the oral contract, then summary
judgment is not appropriate.  Instead, the trier of fact
in a trial setting should make the final determination
with respect to the existence of the contractual

agreement.  However, if there is no factual dispute, then
an oral contract is as much capable of being resolved by
means of summary judgment as is a written contract.

*See, Howarth v. First National Bank of Anchorage,* 540 P.2d 486, 490
(Alaska 1975).

### III. Argument

SHC and St. Paul concede that this court has jurisdiction.
See, Exhs. F and G, p. 2, para. 2, and p.4, para. 4; and Exh. H, p.
2, paras. 2-5.  SHC and St. Paul admit that KAI provided labor and
services to SHC on the JSFC project and that SHC has not paid the
billing invoices submitted by KAI to SHC on the JSFC project.  See,
Exhs. F and G, p.2, para. 5.  SHC and St. Paul claim that KAI is
not due any monies for work performed on the JSFC project because
of a right of offset.  See, Exhs. F and G, p.3, para. 3.  The
offset is based on SHC's claim that KAI's survey work on the JSFC
and Baghouse projects was deficient and negligent, thereby causing
SHC to incur additional costs.  See, Exhs. F and G, pp. 5-6, paras.
10, 11 and 12.  SHC's claim of negligence against KAI relative to
the JSFC project was first asserted in its amended counterclaim
dated October 19, 2006.  See, Exh. G, pp. 5-6, paras. 10, 11 and
12.

The undersigned represents KAI with respect to its complaint
for money due for survey work perform on the JSFC project.  Nelson

Page, is defending KAI (on behalf of KAI's errors and omissions insurance carrier) against SHC's counterclaim. The focus of this motion is limited to KAI's complaint, Counts I and II, to procure an interlocutory judgment in favor of KAI and against SHC and St. Paul in the amount of FIFTY EIGHT THOUSAND EIGHT HUNDRED TWO DOLLARS AND FIFTY CENTS ($58,802.50) for survey work KAI provided on the JSFC project.

The work which is the subject of this motion for summary judgment was performed in 2004 and 2005. Prior to the filing of this lawsuit, neither SHC nor any other party expressed any dissatisfaction with the performance or quality of KAI's work on the JSFC project. Attached are affidavits establishing the following:

1.   SHC verbally subcontracted with KAI to provide surveying services on the JSFC project;

2.   KAI provided surveying services for the JSFC project;

3.   KAI's survey services were in conformance with the plans and specifications for the JSFC project;

4.   Prior to this litigation, SHC never objected or complained concerning the performance of KAI's JSFC project survey services;

5.   KAI's survey services did not cause a delay, increase costs, or necessitate a change order with regard to the JSFC project;

6.  KAI billed for its survey services on the JSFC project in conformance with the parties agreement;

7.  Prior to this litigation, SHC never complained or objected to the amount KAI billed for its JSFC project survey services;

8.  KAI is owed FIFTY EIGHT THOUSAND EIGHT HUNDRED TWO DOLLARS AND FIFTY CENTS ($58,802.50), for survey work performed on the JSFC project; and,

9.  SHC's claim that KAI negligently performed the survey work on the JSFC project is unsupported by any evidence.

See, Exhs. D and E.

This is not a "state of mind" contract dispute. This is not a "performance" contract dispute. The party contracting for the performance (SHC) has accepted the performance. The party contracting for the performance (SHC) has been paid by the government for KAI's performance. The dollar value of KAI's performance is not in dispute. See, Exh. E.

Notwithstanding SHC's affirmative defense and counterclaim, there are no factual issues in dispute with regard to KAI's performance and entitlement to payment for services provided on the JSFC project. The only dispute, if there is a dispute, involves the Baghouse project. The Baghouse project is a different job, different contract, and different facts. If SHC prevails on its Baghouse project claim, it may be entitled to an offset against what it owes KAI on the JSFC project. However, this possibility of

offset is not a legal defense to granting KAI's motion for summary judgment.  The right of offset, is something which the court can deal with as a question of law after the trial and resolution of the Baghouse project claim.

Summary judgment resolving the JSFC project claim will expedite the Baghouse project claim.  It is in everyone's interest to resolve as many issues as possible prior to any necessary trial. Granting KAI's JSFC project summary judgment motion focuses the trial on the real dispute, the Baghouse project.  Granting summary judgment will reduce: the number of witnesses;  the required evidence; trial time; court time; and, legal expenses.  It will focus the trial on the only issue in dispute — whether KAI was negligent in the performance of its survey work on the Baghouse project, and if so the amount of associated damages.

### IV. Conclusion

There are no material issues of fact in dispute concerning the JSFC project and KAI is entitled to judgment as a matter of law for work performed on the JSFC project in the amount of FIFTY EIGHT THOUSAND EIGHT HUNDRED TWO DOLLARS AND FIFTY CENTS ($58,802.50). Judgment should be entered accordingly.

INDEX OF EXHIBITS

A.   Certificates of Good Standing

B.   Strand Hunt Construction CO.'s Contract with the Corps of Engineers

C.   Strand Hunt Construction CO.'s Payment Bond

D.   Affidavit of Patrick Kalen

E.   Affidavit of Timothy Jauhola

F.   Strand Hunt Construction CO.'s Answer to Amended Complaint and Counterclaim, dated October 19, 2006

G.   Strand Hunt Construction CO.'s Amended Answer to Amended Complaint and Counterclaim, dated February 9, 2007

H.   Kalen & Associates, Inc. d/b/a Chena Surveys, Inc. Amended Complaint, dated July 28, 2007

DATED this 3rd day of December, 2007.

                                s/Joseph W. Sheehan
                                Joseph W. Sheehan
                                P.O. Box 70906
                                Fairbanks Alaska 99707
                                (907) 456-6090
                                (907) 451-6070
                                sheehanlaw@mosquitonet.com
                                ABA No. 7004024


## Certificate of Service

     I hereby certify that on 3rd day of December, 2007, a copy of Plaintiff's Answer to Strand Hunt Construction, CO.'s Amended Counterclaim and Plaintiffs' Counterclaim Against Strand Hunt Construction Co. and St. Paul Fire and Marine Insurance Company was served electronically on:


Frank A. Pfiffner, Esq.
3900 C Street, Suite 1001
Anchorage Alaska 99503
E-Mail: fap@hbplaw.net

Nelson G. Page, Esq.
Burr, Pease & Kurtz, PC
810 N. Street
Anchorage Alaska 99501
E-Mail: ngp@bpk.com


s/Deborah L. Watson