Law Office of
Joseph W. Sheehan
PO Box 70906
Fairbanks Alaska, 99707
Counsel for Plaintiff
(907)456-6090
(907)451-6070 (facsimile)
sheehanlaw@mosquitonet.com


## UNITED STATES COURT FOR THE DISTRICT OF ALASKA


KALEN & ASSOCIATES, INC.,           )
d/b/a CHENA RIVER SURVEYS, INC.      )
                                     )
            Plaintiff                )
                                     )
                                     )CIVIL ACTION NO. 4:06-cv-21
    vs.                              )
                                     )
STRAND HUNT CONSTRUCTION, CO.        )
and, ST. PAUL FIRE AND MARINE        )
INSURANCE COMPANY                    )
                                     )
            Defendants               )
_____)


## AFFIDAVIT OF TIMOTHY JAUHOLA


State of Alaska               )
                              )§§
Fairbanks North Star Borough  )

     My name is Timothy (Tim) Jauhola.  In 2004 and 2005, I
worked for Strand Hunt Construction, Inc. (SHC).  I was the Site
Superintendent for SHC on the Eielson AFB Joint Security Force

Complex Project (JSFC Project), Contract No. USACE Alaska Dist. — CEPOA-CO-NA-Contract #W911KP-04-C-0008, DACA85-03-R-0033. I was responsible for supervising the construction of the project, which included the survey work. I have personal knowledge as to the matters set forth in this affidavit. The JSFC Project was under the direction of the Corps of Engineers. The JSFC Project was a design build project. Part of the work associated with the JSFC Project required site surveying for the construction of a building and an associated parking area. Plaintiff Kalen & Associates, Inc. d/b/a Chena Surveys, Inc. (KAI) provided the surveying services. The survey work was performed in 2004 and 2005. The scope of the survey work included: 1. a topographic survey; 2. layout of the building grid lines; 3. staking the excavation for the building, parking lot, approaches, front yard and dike; 4. staking the location of utilidors; 5. staking subgrade and final grade for the parking and driveways; and, 6. staking the location of light poles.

The survey work performed by KAI was provided on time and in conformance with contract specifications. SHC submitted pay requests to the Corps of Engineers for the building foundation,

AFFIDAVIT OF TIMOTHY JAUHOLA
Kalen & Associates, Inc., d/b/a Chena Surveys, Inc. v Strand Hunt
Construction and St. Paul Travelers
Case No. 4:06-cv-21                                          Page 2

Exh. E, p. 2 of 5

utilidors and parking lot.   These pay requests included the survey work performed by KAI.   The Corps of Engineers approved payment and SHC received payment for the payment requests.

I understand that SHC contends that some of the work performed by KAI was not acceptable, requiring the issuance of a change order to Exclusive Paving & Landscaping (Exclusive). This contention is not true.   Because of my job responsibilities, if there had been a problem with the survey work on the JSFC Project I would have known about it. Change orders were issued to Exclusive to grade the gravel for the parking lot and approaches to match the plans in 2005.   These change orders to Exclusive were an addition to their contract for the aggregate and paving for the JSFC Project.   None of the change orders issued to Exclusive were due to any errors or omissions in the surveying by KAI.

I have read SHC's Amended Answer to Amended Complaint and Counterclaim dated February 9, 2007.   The last sentence in paragraph 10, is incorrect.   KAI did not "improperly set the hubs for the site grading and improperly took a point to point grade without taking into account the swales between the survey

AFFIDAVIT OF TIMOTHY JAUHOLA
Kalen & Associates, Inc., d/b/a Chena Surveys, Inc. v Strand Hunt
Construction and St. Paul Travelers
Case No. 4:06-cv-21                                            Page 3

**Exh. E, p. 3 of 5**

points." The statements in paragraph 12 are incorrect. KAI did not engage in improper conduct which required corrections resulting in additional costs to Design Alaska, Exclusive or SHC. KAI did not engage in any improper conduct which caused a delay in the JSFC Project. Paragraph 14 of SHC's Amended Counterclaim is also incorrect. I am unaware of any notice, verbal or written, to KAI, prior to this litigation, whereby SHC asserted any claim against KAI in conjunction with the work performed on the JSFC Project.

The Grading, Drainage and Landscape Plan for the JSFC Project calls for the location of one swale in the parking area. KAI located the swale for the Exclusive grader operator. KAI's survey location was in conformance with the Grading, Drainage and Landscape Plan. The hubs set by KAI's surveyor for the parking lot and the swale conformed to the Grading, Drainage and Landscape Plan. Exclusive dressed up the gravel, then placed D-1 and paving. There were no change orders issued as a result of any surveying error associated with the parking lot/swale to either SHC, Exclusive, KAI, or anyone else. I am unaware of any reason or reasons which would justify SHC's refusal to pay KAI

AFFIDAVIT OF TIMOTHY JAUHOLA
Kalen & Associates, Inc., d/b/a Chena Surveys, Inc. v Strand Hunt
Construction and St. Paul Travelers
Case No. 4:06-cv-21                                                    Page 4

Exh. E, p. 4 of 5

for survey work provided on the JSFC Project.   There were no
survey errors on the JSFC Project which were attributable to
KAI.

     Further your affiant says not.

     Dated this ___26___ day of ___NOV_____, 2007

_____
                                Timothy Jauhola

     SUBSCRIBED and Sworn to before me this 26th day of Nov___,
2007.

        SEAL

_____
         Notary Public in and for
           the State of Alaska
My Commission Expires: 9-25-11_____

AFFIDAVIT OF TIMOTHY JAUHOLA
Kalen & Associates, Inc., d/b/a Chena Surveys, Inc. v Strand Hunt
Construction and St. Paul Travelers
Case No. 4:06-cv-21                                          Page 5

**Exh. E, p. 5 of 5**